Wayne SENVILLE, Donald Horenstein, Vermont Public Interest Research Group, Inc., Friends of the Earth, Inc., and Conservation Law Foundation, Plaintiffs–Appellants,

Sierra Club, Plaintiff,

v.

Thomas J. MADISON, Jr., in his official capacity as Administrator of the Federal Highway Administration (FHWA), and David Dill in his official capacity as Secretary of the Vermont Agency of Transportation (VTrans), Defendants–Appellees.

No. 08–2005–cv.

United States Court of Appeals, Second Circuit.

June 10, 2009.

Ronald A. Shems, Shems Dunkiel Kassel & Saunders PLLC, Burlington, VT (Sandra E. Levine, Conservation Law Foundation, Montpelier, VT; Geoffrey H. Hand, Sara Kelly (Law Clerk), Shems Dunkiel Kassel & Saunders PLLC, Burlington, VT, on the brief), for Plaintiffs–Appellants.

Heather E. Ross, Assistant United States Attorney, for Thomas D. Anderson, United States Attorney for the District of Vermont, Burlington, VT (Carol L. Shea, Kevin J. Doyle, on the brief), for Defendant–Appellee Madison.

Toni Hamburg Clithero, Assistant Attorney General, Vermont Agency of Transportation, Montpelier, VT, for William H. Sorrell, Attorney General for the State of Vermont,* for Defendant–Appellee Dill.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROSEMARY S. POOLER, and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

The plaintiffs appeal from a decision of the United States District Court for the District of Vermont (Sessions, *J.* ). The plaintiffs seek fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, arising from claims against the administrators for the Federal Highway Administration ("FHWA") and the Vermont Agency of Transportation ("VTrans") in connection with the proposed construction of portions of the Chittenden County Circumferential Highway ("CCCH") in Vermont. We assume the parties' familiarity with the facts, procedural history of the case, and issues presented on appeal.

The EAJA provides that a party who prevails in a civil action against the United States is entitled to fees incurred during the litigation "unless the court finds that the position of the United States was substantially justified. . . ." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has interpreted this language to mean that successful plaintiffs are responsible for their own fees if the government's position, though incorrect, is "justified to a degree that could satisfy the reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *see also id.* at 566 n. 2, 108 S.Ct. 2541 (highlighting the distinction between "substantially justified" and "substantially correct" and noting that a position can be "substan-

tially *(i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact").

In the underlying lawsuit, filed in 2003, the district court cited four agency violations in support of its decision in favor of the plaintiffs. The court concluded that the defendants violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321 et seq., and § 4(f) of the Department of Transportation Act, 49 U.S.C. § 303(c), in adopting a 1986 Final Environmental Impact Statement ("FEIS") prepared by VTrans and that it further violated NEPA in two respects in preparing a 2003 Final Revised Environmental Assessment ("FREA"). In denying the plaintiffs' subsequent request for fees under the EAJA, however, the court noted that the government had prevailed "on by far the majority of the issues posed by the lawsuit" and that "overall FHWA's prelitigation conduct and its litigation position were substantially justified."

A district court's determination of whether the government's position was substantially justified under the EAJA is reviewed for abuse of discretion. *Healey v. Leavitt,* 485 F.3d 63, 67 (2d Cir.2007). "[T]he text of the statute permits, and sound judicial administration counsels, deferential review of a district court's decision regarding attorney's fees under the EAJA." *Pierce,* 487 U.S. at 563, 108 S.Ct. 2541. "[A] request for attorney's fees should not result in a second major litigation." *Id.* (internal quotation marks omitted).

The plaintiffs argue that the district court abused its discretion because it based its denial of fees on clearly erroneous factual findings and on the agency's improper *post-hoc* rationales for its conduct. *See Milanese v. Rust–Oleum Corp.,*

* Appellee David Dill endorses the brief filed on behalf of Appellee Thomas J. Madison, Jr. as it pertains to the issues properly before this Court.

244 F.3d 104, 110 (2d Cir.2001) (stating that a district court abuses its discretion by basing its ruling on a mistaken application of the law or a clearly erroneous factual finding).

The district court made at least one clearly erroneous factual finding in the context of its EAJA ruling. In discussing one of the four FHWA violations upon which it had based its merits decision in favor of the plaintiffs, namely, the adoption of the 1986 FEIS in spite of the FEIS's failure to analyze cumulative and secondary impacts of the CCCH project, the district court incorrectly observed that the FHWA "apparently made the judgment" that it could cure the deficiencies of the 1986 FEIS in the FREA. As the FHWA concedes, it did not intend to cure the deficiencies of the FEIS with the FREA, because it believed the 1986 FEIS met NEPA's minimum requirements. Following its erroneous finding, the court added that the FHWA "faced a unique situation" in adopting the FEIS, which was initially prepared by Vermont pursuant to the Surface Transportation Act of 1982. The court concluded, "[g]iven the lack of clarity or guidance concerning the appropriate procedure to follow under these circumstances, the FHWA's concentration on updating the old FEIS in the FREA, and its focus on the segments to be constructed, had a reasonable basis."

In the context of complex litigation spanning a number of years in which a host of issues were raised and adjudicated, we do not believe that a single erroneous finding necessarily equates to an abuse of discretion. In any event, we find no indication that the district court relied solely or even primarily upon this finding in concluding that the agency's position was reasonable. Indeed, as noted above, the district court's conclusion that the agency had acted reasonably in adopting the FEIS in spite of the absence of an adequate cumulative and secondary impact analysis was *also* based upon its determination that the agency had little guidance as to how to proceed under the circumstances. Moreover, in reaching its conclusion that the government's position was "substantially justified" under the EAJA, the district court considered far more than this particular agency violation. As the court noted in its March 2008 decision denying fees, it considered the agency's prelitigation conduct and its litigation position "overall," including its stance with regard to the issues it had won before the district court, in concluding that the agency's position had been substantially justified. This approach was proper, because under the EAJA "only one threshold determination for the entire civil action is to be made." *Comm'r, I.N.S. v. Jean,* 496 U.S. 154, 159, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990); *see also United States v. $19,047 in U.S. Currency,* 95 F.3d 248, 251 (2d Cir.1996).

We reject the plaintiffs' assertion that the district court's conclusions in other respects constituted an abuse of discretion.

For the foregoing reasons, the judgment is AFFIRMED.